### NICHOLSON v. WOOD AND HANNAH.

If a witness has been lawfully admitted and sworn, on the trial below, either party has a right to call and examine him on the trial of the appeal.

This was a *certiorari* directed to the Common Pleas of Salem County.

*Eakin*, for plaintiff.

*Jeffers, contra.*

HORNBLOWER, C. J. Mary B. Nicholson, the plaintiff in *certiorari*, recovered a judgment against Wood and Hannah, in a court for the trial of small causes. From that judgment the defendants appealed. On the trial of the appeal, Mary B. Nicholson, the appellee, called and offered to examine a witness, in support of her demand, who had been sworn and examined as a witness on the trial below; to the admission of this witness, the appellants objected, on the ground that the witness thus offered, was *their* witness; that he had been originally called, sworn and examined on their part, in the court below; and insisted that the appellee had no right in that stage of the trial to call and examine the witness; but must wait until he had been sworn and examined by the appellants; after which the appellee might have opportunity, to cross examine him if she wished to do so. Of this opinion was the court, and the witness was rejected. The appellee then rested her cause, when the appellants called and examined the same witness, on their part, and he was then cross examined by the appellee. The Court of Common Pleas, after hearing the evidence, reversed the judgment of the Justice, and gave judgment for the defendants.

This may have been a very righteous judgment of the Court of Common Pleas, but the court arrived at it, by a very unlawful course of proceeding. The counsel for the defendants in *certiorari*, very properly declined saying any thing in support, or justification of the course pursued by the court below, but he insisted, that no injury or prejudice accrued to the appellee, as she afterwards had an opportunity of cross examining the witness, and actually availed herself of it. It is very possible that no injury or injustice was done to the appellee in

this case; but whether there was, or was not, we have not the means of telling. As she was deprived of the benefit of legal testimony, at that stage of the trial when she had a right to introduce it, the presumption of law is, that she was prejudiced by the exclusion. The appellee was compelled to rest her cause without the sustaining influence of the testimony of a lawful witness. She had, it seems, evidence sufficient to prevent a non-suit; but suppose it had happened otherwise, and she had relied entirely on the evidence of that witness to prove her case? If she could not call and examine him, until after she rested her cause, she must inevitably have been non-suited. If the witness had been lawfully admitted and sworn, on the trial below, either party had a right to call and examine him on the appeal. Nor did the appellee waive her right to complain of this error, by a cross examination of the witness; she did no more than submit herself to the decision of the court; and if that decision was wrong, she has a right to complain of it.

The Legislature has said, *Rev. Laws*, 558, *Section* 3, that no judgment of any court *for the trial of small causes*, shall be reversed for any " *irregularity* " in the proceedings of such court, that does not tend to defeat or impair the substantial right or interest of the party." This proceeding of the Court of Common Pleas, was more than an " irregularity; " it was *error* in law. That restriction however, does not extend to judgments of the Common Pleas; it is limited to judgments of courts for the trial of small causes. We are not in this case, called upon to reverse the judgment of the Justice; but the judgment of the Common Pleas, and that being founded on an erroneous proceeding, it must be set aside.

FORD, J. and RYERSON, J. concurred.

*Judgment reversed.*